UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD KINDLE

      Plaintiff,

  v.

PAULA CARREY MOORE, Regional Vice
President of Housing and Economic Empowerment,
Urban League of Metropolitan St. Louis, Inc.,

      Defendant.

Case No. 25-cv-1197-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on review of plaintiff Edward Kindle's Complaint (Doc. 3) and motion for leave to proceed *in forma pauperis* (Doc. 4). A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court is satisfied from Kindle's affidavit that he is indigent. However, the Court finds his Complaint, as currently pleaded, fails to state a claim upon which relief can be granted.

As noted above, a complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Here, Kindle cites a federal statute, the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, but fails to state sufficient facts that, if true, show that defendant Paula Carrey Moore violated that statute and that she may be liable to him for her conduct.

Accordingly, the Court **DISMISSES** the Complaint **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, because Kindle may be able to plead sufficient facts to state a claim, the Court will allow him 30 days from entry of this order to file an amended complaint setting forth sufficient facts to state a claim.  The Court **RESERVES RULING** on Kindle's motion for leave to proceed *in forma pauperis* (Doc. 4) pending an amended complaint.

**IT IS SO ORDERED.**
**DATED:  June 10, 2025**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**