UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD KINDLE

    Plaintiff,

  v.                                                     Case No. 25-cv-1197-JPG

PAULA CARREY MOORE, Regional Vice
President of Housing and Economic Empowerment,
Urban League of Metropolitan St. Louis, Inc.,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Edward Kindle's motion for recruitment of counsel (Doc. 7). Whether to assign an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rules 83.1(j) and 83.8(b) obligate members of the bar of this Court to accept assignments.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or

jury himself." *Id.* at 655.  In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history.  *Id.*

Kindle has listed several resources for locating counsel that arguably satisfy the first *Pruitt* requirement.  However, he has not shown the difficulty of the case at this point is beyond his competence to litigate it himself.  At this point, all that is requires is fleshing out some more facts to state a claim for relief.  It is simply a matter of setting forth the facts as he knows them in an amended complaint, that is, the story of what the defendant did to him and why he thinks it was wrong.  Until the Court knows what Kindle's claim is, it cannot determine whether he needs an attorney to help him litigate this case.

Accordingly, the Court **DENIES without prejudice** Kindle's motion for recruitment of counsel (Doc. 7).  It further **EXTENDS** the deadline for him to file an amended complaint pleading more facts until August 1, 2025.  The Court again **RESERVES RULING** on Kindle's motion for leave to proceed *in forma pauperis* (Doc. 4) pending an amended complaint.

**IT IS SO ORDERED.**
**DATED:  July 17, 2025**

                                                   s/ J. Phil Gilbert
                                                   **J. PHIL GILBERT**
                                                   **DISTRICT JUDGE**